J-S39010-17

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
      Appellee          :
:
   v.                 :
:
RICHARD CHARLES STAIR, JR.,   :
:
      Appellant        :   No. 1217 WDA 2016

Appeal from the Judgment of Sentence July 22, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014326-2015

BEFORE:   BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 1, 2017**

The Majority correctly states and applies the applicable law, and reaches the result dictated by precedent, including that of **_Commonwealth v. Hlubin_**, -- A.3d --, 2017 WL 2255549 (Pa. Super. May 23, 2017) (*en banc*).  I write separately because I believe **_Hlubin_** was wrongly decided.[1,2]

The Intergovernmental Cooperation Act (ICA) provides that two or more local governments are permitted to cooperate jointly in performing governmental functions.  55 Pa.C.S. § 2303.  "A local government may enter into intergovernmental cooperation with or delegate any functions, powers or

---

[1] I sat on the original three-judge **_Hlubin_** panel and dissented to its decision. My memorandum was withdrawn when *en banc* reconsideration was granted. As a senior judge, pursuant to § 65.6(A) of the Superior Court Operating Procedures, I did not sit on the *en banc* panel that rendered the ultimate decision.

[2] Hlubin's petition for allowance of appeal is pending before our Supreme Court at 246 WAL 2017.

*Retired Senior Judge assigned to the Superior Court.

responsibilities to another governmental unit or local government **upon the passage of an ordinance by its governing body.**" 55 Pa.C.S. § 2305 (emphasis added). The Court in **Hlubin**, which also involved a DUI checkpoint on the Steubenville Pike in Robinson Township, held that the requirements of the ICA had not been met to validate the DUI Task Force because the resolution proposed by Robinson Township neither was ratified by the other participating municipalities nor met the statutory requirements for an ordinance. **Hlubin**, 2017 WL 2255549 at *3.

However, according to the **Hlubin** decision, the following provision of the Municipal Police Jurisdiction Act (MPJA) nonetheless validated the joint action: "Where the officer has been requested to aid or assist any local, State or Federal law enforcement officer or park police officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance." 42 Pa.C.S. § 8953(a)(3).

If the **Hlubin** Court is correct, then there would have been no need for an agreement among the municipalities in the first place. Instead, those municipalities would simply have been able to engage in an informal process to create the DUI Task Force at issue. That cannot be the case. While the MPJA governs police authority, the DUI Task Force was a creation of these municipalities, not the police departments within them.

Accordingly, the correct application of the statutes leads to the conclusion that the ICA, not the MPJA, governs the joint action at issue in

these West Hills DUI Task Force cases. Because the agreement under the ICA was not entered into by an ordinance, the DUI Task Force was acting without jurisdiction.